UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

CANDY BADILLO,

    Plaintiff,

    v.

U.S. ALLIANCE MANAGEMENT
CORP., a Florida corporation,

    Defendant.
_____/

**COMPLAINT**

Plaintiff CANDY BADILLO ("BADILLO"), through counsel, files this Complaint suing the Defendant U.S. ALLIANCE MANAGEMENT ("ALLIANCE"), a Florida corporation and alleges:

## INTRODUCTION

1. Plaintiff BADILLO is a former employee of the Defendant ALLIANCE and brings this action to redress and remedy the termination of her employment because of her obligation to serve as a juror and the deprivation of her rights under the maximum hour/overtime provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., ("FLSA")

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1875 and 29 U.S.C. § 201 for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1319(b) because the claims arose there.

4. All material acts and occurrences described herein took place in Broward County, Florida.

5. BADILLO is a resident of Broward County, Florida.

6. ALLIANCE is a corporation organized and existing under the laws of the State of Florida and operates in Broward County, Florida.

## FACTS

7. BADILLO is a former employee of ALLIANCE, having worked there for nearly four years and most recently as the Operations Assistant.

8. BADILLO performed her job well. No one had expressed any dissatisfaction with her performance and she consistently received praise from co-workers and supervisors.

9. BADILLO received notice from the federal court, Southern District of Florida, that she had been summoned for jury duty on August 21, 2022.

10. BADILLO was terminated from her employment on September 6, 2022 following a heated discussion with Baron Sedhegat, the Vice President of ALLIANCE. The heated discussion was the result of Mr. Sedhegat's frustration that Ms. BADILLO was required to serve on a jury in August.

11. More specifically, on Tuesday, September 6, 2022, while working in the Broward office, Mr. Sedhegat summoned BADILLO to his office for a private meeting. In this meeting Mr. Sedhegat questioned BADILLO as to why she had to serve on the jury.

12. Serving on the jury was not a choice for BADILLO, rather it was her civic duty and obligation. When BADILLO attempted to explain this Mr. Sedhegat, he became irate, raised his voice and terminated BADILLO's employment.

13. Mr. Sedhegat's displeasure with BADILLO's jury service was made clear from outset. Following her selection as a juror, BADILLO called Trish Alexander, who worked in accounting/auditing, to advise of her selection. In this call Ms. Alexander told BADILLO that Mr. Sedhegat wanted to know what questions she was asked in voir dire.

14. Mr. Sedhegat then picked up the phone during that call and told BADILLO that she should not have reported for jury duty and, incorrectly, suggested that the summons was not valid as it was not delivered via Certified Mail.

15. Mr. Sedhegat then went on to state that she should have lied and made a statement

that she hated law enforcement in order to be relieved of that duty for cause.

16. Mr. Sedhegat's displeasure rose to the level requiring the Court to take the extraordinary step of advising ALLIANCE in writing of BADILLO's obligations and the law protecting her.

17. BADILLO has retained the undersigned law firm and agreed to pay it a reasonable fee for its legal services.

18. All conditions precedent have been satisfied and/or waived.

## COUNT I

### Violation of Section 28 U.S.C. § 1875

19. BADILLO adopts by reference ¶¶ 1-18 as if fully set forth herein.

20. At all times material hereto, BADILLO was a person who was summoned to serve on a jury in Florida and covered by 28 U.S.C. § 1875.

21. At all times material hereto, ALLIANCE was an employer of BADILLO and had the power to threaten to dismiss and dismiss her employment.

22. ALLIANCE both threatened to dismiss and dismissed BADILLO from her employment because of her jury service obligations.

23. This dismissal was willful and/or with reckless disregard for the rights of BADILLO.

24. As a result of the dismissal, BADILLO has lost wages and the other benefits associated with her employment with ALLIANCE. She has also suffered humiliation, embarrassment and emotional pain and suffering.

WHEREFORE, BADILLO demands judgment against ALLIANCE for lost wages and benefits associated with her employment, compensatory damages, reinstatement and/or front pay, attorney's fees and costs, civil penalty, and any such other relief this Court deems proper.

## COUNT II

### Violation of the Fair Labor Standards Act

25. BADILLO adopts by reference ¶¶ 1-18 as if fully set forth herein.

26. At all times material hereto, BADILLO was an employee of ALLIANCE within the meaning of the FLSA.

27. At all times material hereto, the work performed by BADILLO was directly essential to the business performed by ALLIANCE.

28. At all times material hereto, ALLIANCE was the employer or former employer of BADILLO.

29. At all times material hereto, ALLIANCE was and continues to be "enterprise(s) engaged in commerce" within the meaning of the FLSA.

30. At all times material hereto, by virtue of the work performed by BADILLO, ALLIANCE was engaged in commerce within the meaning of the FLSA.

31. During numerous weeks of her employment with ALLIANCE, BADILLO worked in excess of 40 hours per week for which ALLIANCE failed to compensate the BADILLO at a rate of one and one-half times her regular hourly rate.

32. BADILLO was not an exempt employee as defined by FLSA, and, therefore, she should have been compensated at the statutory rate of time and one-half for all hours that she worked in excess of forty.

33. ALLIANCE violated Title 29 U.S.C. §207 in that:

   a. BADILLO worked in excess of the maximum hours provided by the FLSA throughout her employment with ALLIANCE;

   b. No provisions were ever made by ALLIANCE to properly pay BADILLO at the statutory rate of time and one-half for the aforementioned hours that she worked in excess of the maximum hours provided by the FLSA; and

      c.    No payments were made to BADILLO by ALLIANCE at the statutory rate of time and one-half for the aforementioned hours in excess of the maximum hours provided by the FLSA.

WHEREFORE, BADILLO demands judgment against ALLIANCE for the owed wages, liquidated damages, attorney's fees and costs, and any such other relief this Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

BADILLO hereby demands a trial by jury on all issues triable of right by a jury.

/s/Arthur T. Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF